## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **LARRY JAMES CARTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 10-CV-754-GKF-PJC** |
| | ) | |
| **STANLEY GLANZ, et al.;** | ) | |
| **TIM HARRIS, Tulsa County District Att'y,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

On November 24, 2010, Plaintiff, a prisoner appearing *pro se*, filed a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1), and a motion to proceed *in forma pauperis* (Dkt. # 2). Plaintiff alleges he has been denied adequate medical care during his confinement at the David L. Moss Criminal Justice Center, the facility serving as the Tulsa County Jail. For the reasons discussed below, the Court finds Plaintiff shall be allowed to proceed *in forma pauperis*.  However, the complaint is subject to dismissal for failure to state a claim upon which relief may be granted.  Before this action may proceed, Plaintiff shall be required to submit an amended complaint.

### A.  Motion to proceed *in forma pauperis*

Upon review of Plaintiff's motion to proceed *in forma pauperis*, the Court concludes that Plaintiff is without funds in his institutional account(s) sufficient to prepay the full filing fee required to commence this action. Accordingly, the Court finds Plaintiff is entitled to proceed without prepayment of the filing fee, and his motion to proceed *in forma pauperis* shall be granted. Pursuant to 28 U.S.C. §1915(b)(1), however, Plaintiff shall be required to pay the full **$350** filing fee as set forth hereafter.

Within thirty (30) days of the entry of this Order, Plaintiff shall pay an initial partial filing fee of **$29.00** which represents 20 percent of the greater of the (1) average monthly deposits, or (2) average monthly balance in Plaintiff's inmate account for the period immediately preceding the filing of the complaint.  See 28 U.S.C. §1915(b).  Plaintiff is advised that unless by the date specified below he has either (1) paid the initial partial filing fee, or (2) shown cause in writing for the failure to pay, this action will be subject to dismissal without prejudice to refiling.

After payment of the initial partial filing fee, Plaintiff shall make monthly payments of 20 percent of the preceding month's income credited to his prison accounts until he has paid the total filing fee of **$350**. 28 U.S.C. § 1915(b)(2). The Court will enter an order directing the agency having custody of Plaintiff to collect, when Plaintiff's prison account(s) exceeds $10, and forward such monthly payments to the Clerk of the Court until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).  Interference by Plaintiff in the submission of these funds shall result in the dismissal of this action.

Plaintiff is advised that notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss at any time all or any part of such complaint which (1) is frivolous or malicious; (2) fails to state a claim on which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e). Plaintiff is further advised that monthly payments will be collected until full payment of the filing fee has been received by the Court even after disposition of the case and regardless of whether relief is granted or denied.

**B.  Complaint is deficient and subject to dismissal**

2

In his complaint (Dkt. # 1), Plaintiff identifies one (1) claim: that he has been "denied right to medical treatment, proper medications, proper dispensing of medication, and denied access to medical care altogether and timely access to medical care." In support of his claim, Plaintiff alleges that he has health issues, including high blood pressure and back pain, and that he is being denied "correct" medical care for those issues. See Dkt. # 1. In his request for relief, Plaintiff asks for "compensatory damages -- $1,000,00 [sic] per day for days incarated [sic], for violating const. rights, punitive damages in the amount of $350,000.00 and an injunction -- require the Defendants to make medical access in a timely." Id.

**1. Screening/dismissal standard**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See § 1915A(b). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558.

3

A *pro se* plaintiff's complaint must be broadly construed under this standard. <u>Erickson v. Pardus</u>, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). The generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." <u>Bryson v. City of Edmond</u>, 905 F.2d 1386, 1390 (10th Cir. 1990); <u>see</u> <u>also</u> <u>Twombly</u>, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." <u>Whitney v. New Mexico</u>, 113 F.3d 1170, 1173-1174 (10th Cir. 1997). The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim. <u>Kay v. Bemis</u>, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

**2.  Failure to comply with Rule 10(a),** *Federal Rules of Civil Procedure*

Pursuant to Rule 10(a), *Federal Rules of Civil Procedure*, "[t]he title of the complaint must name all the parties."  In his complaint, Plaintiff has failed to include all named defendants in the caption.  Plaintiff names two defendants in the caption of his complaint: "Stanley Glanz, et. al [sic], Tim Harris District Atty for T.C."  In the text of his complaint, Plaintiff also names several John/Jane Does, Mrs. Rogers, and Nurse Summers.  <u>See</u> Dkt. # 1 at attached page 1. In addition, Plaintiff has provided summonses for the following individuals:  Tim Harris, District Attorney; D.O.

4

Hutching; Nurse Summers; Medical Unit Mrs. Rogers; Sergeant Tomson; Mrs. Watson, Administrator for Medical at D.L.M.C.J.C.; Dr. Adusie; and N.P. Mindy Nurse.  However, the complaint fails to identify or even allege any facts concerning the involvement of D.O. Hutching, Sergeant Tomson, Mrs. Watson, or Dr. Adusie in the incident(s) giving rise to Plaintiff's claim.

Rule 10(a) mandates that all parties be identified in the caption of the complaint and correspond to the parties identified in the text. Use of the term "et al." is insufficient for compliance with Rule 10(a).  Therefore, before this action may proceed, Plaintiff shall be required to file an amended complaint.  He must identify all defendants in the caption of the amended complaint.  In the text of his amended complaint, he must explain how each named defendant allegedly violated his constitutional rights. Plaintiff is advised that simply alleging that a defendant is an employee of the jail or the healthcare provider is inadequate to state a claim.  Plaintiff must go further and state how each named defendant violated his constitutional rights.

### 3. Complaint fails to state a claim against defendants identified in caption

The Court finds that Plaintiff's complaint fails to state a claim as to Defendants Glanz and Harris, the two defendants identified in the caption.  As to Defendant Glanz, Plaintiff alleges only that he "runs the operations of the Tulsa County Jail." See Dkt. # 1.  Similarly, as to Defendant Harris, Plaintiff alleges only that "as a District Attorney he controls the say so of detaining being detained." Id.  Those overbroad and conclusory allegations are insufficient to state a claim.  Plaintiff may have named both Sheriff Glanz and District Attorney Harris as defendants based solely on their positions as supervisors.  However, under § 1983, a defendant may not be held liable based on the theory of respondeat superior. See Worrell v. Henry, 219 F.3d 1197, 1214 (10th Cir. 2000); Gagan v. Norton, 35 F.3d 1473, 1476 n. 4 (10th Cir. 1994). Instead, to establish supervisory liability, a

plaintiff must show that "an affirmative link exists between the [constitutional] deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise."  Worrell, 219 F.3d at 1214 (quoting Meade v. Grubbs, 841 F.2d 1512, 1527 (10th Cir. 1988) (quotation omitted) (alternation in original)); Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996); McClelland v. Facteau, 610 F.2d 693, 696 (10th Cir. 1979).

Plaintiff makes no allegation affirmatively linking Defendants Glanz and Harris to the constitutional deprivation at issue.  Instead, he asserts that those defendants are liable because they "run the operations" and have "say so."  Without further factual allegations suggesting personal participation or an affirmative link to the constitutional deprivation at issue, any claim against Defendants Glanz and Harris is subject to being dismissed for failure to state a claim upon which relief may be granted.

### 4.  Complaint fails to state a constitutionally cognizable claim

It is unclear from the complaint whether Plaintiff had been convicted or whether he was a pretrial detainee at the time of the incidents giving rise to this claim.  While the conditions under which a convicted prisoner is held are subject to scrutiny under the Eighth Amendment, the conditions under which a state pretrial detainee is confined are scrutinized under the Due Process Clause of the Fourteenth Amendment.  See Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979). Even though the due process clause governs a pretrial detainee's claim of unconstitutional conditions of confinement, the Eighth Amendment standard nonetheless provides the benchmark for such claims. Craig v. Eberly, 164 F.3d 490, 495 (10th Cir. 1998) (citation omitted). "The Eighth Amendment requires jail officials to provide humane conditions of confinement by ensuring inmates receive the

basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." Id. (quotation omitted).

In order for a prison inmate to prevail under 42 U.S.C. § 1983 on a claim of medical mistreatment, the inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976); Green v. Branson, 108 F.3d 1296, 1303 (10th Cir. 1997). The deliberate indifference standard has two components:

> an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that the offending officials act with a sufficiently culpable state of mind. With regard to the subjective component, allegations of inadvertent failure to provide adequate medical care or of a negligent diagnosis simply fail to establish the requisite culpable state of mind.

Miller v. Glanz, 948 F.2d 1562, 1569 (10th Cir. 1991) (citations and quotations omitted). Claims of medical negligence in a diagnosis or choice of therapy are not actionable under § 1983. See Green, 108 F.3d at 1303. Stated another way, "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." Perkins v. Kan. Dep't of Corrections, 165 F.3d 803, 811 (10th Cir. 1999); see also Estelle, 429 U.S. at 106; Self v. Crum, 439 F.3d 1227 (10th Cir. 2006). "[A] prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." Oxendine v. Kaplan, 241 F.3d 1272, 1277 n.7 (10th Cir. 2001) (internal citations and quotation marks omitted).

In this case, Plaintiff alleges he suffers from high blood pressure and back pain. Those conditions may rise to the level of a serious medical condition. However, Plaintiff has failed to allege facts sufficient to satisfy the subjective component of the deliberate indifference standard. Plaintiff acknowledges that he has received treatment for high blood pressure and has conferred with

the medical staff about his back pain.  It appears that he simply disagrees with the course of treatment provided.  To the extent Plaintiff complains that he has not received prompt medical care for back pain and high blood pressure, the complaint fails to state a claim because Plaintiff has not alleged that he suffered harm as a result of the delay in treatment. Oxendine, 241 F.3d at 1276 (holding that a delay in medical care only constitutes a constitutional violation where the plaintiff can show that the delay resulted in substantial harm). The Court finds that Plaintiff's claim of inadequate medical care does not state a constitutional violation and is subject to being dismissed for failure to state a claim upon which relief may be granted.

### 5.  Opportunity to amend

Because Plaintiff makes only conclusory allegations concerning the role of Defendants Glanz and Harris in the incident(s) giving rise to his claim, those defendants are subject to being dismissed from this action based on Plaintiff's failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Furthermore, Plaintiff's claim of inadequate medical care is subject to being dismissed for failure to state a claim upon which relief may be granted.  However, Plaintiff may clarify his claim or otherwise cure the deficiencies identified herein in his amended complaint.

### C.  Service Documents

Should the Court direct service of the amended complaint, Plaintiff is responsible for providing completed summonses and USM-285 Marshal service forms for all defendants.  It is also Plaintiff's responsibility to provide full names and service addresses for all defendants.  Plaintiff is advised that the U.S. Marshal cannot serve "John Doe" defendants.  Within thirty (30) days of the entry of this Order, Plaintiff shall submit the necessary service forms, including one completed summons and one completed USM-285 Marshal service form for each defendant named in the

amended complaint. Plaintiff is responsible for insuring the accuracy of defendants' names and service addresses. The Clerk of Court is not authorized to provide names and/or service addresses.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.      Plaintiff's motion to proceed *in forma pauperis* (Dkt. # 2) is **granted**.

2.      Within thirty (30) days of the entry of this Order, or by **January 3, 2011**, Plaintiff shall submit an initial partial payment of **$29.00**, or show cause in writing for his failure to do so.

3.      By the above-referenced date, Plaintiff shall submit an amended complaint, curing the deficiencies identified herein and complying with the pleading requirements of Fed. R. Civ. P. 10(a).

4.      By the above-referenced date, Plaintiff shall submit a completed summons and a completed USM-285 Marshal service form for each defendant named in the amended complaint. It is not necessary to provide copies of the summonses.

5.      The Clerk of Court is directed to send Plaintiff a blank civil rights complaint (form PR-01), marked "amended" and identified as Case No. 10-CV-754-GKF-PJC, along with eight (8) blank summonses and eight (8) blank USM-285 Marshal service forms.

DATED THIS 2nd day of December, 2010.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

9