**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LARRY JAMES CARTER, | ) |
|           Plaintiff, | ) ) ) |
| vs. | )    Case No. 10-CV-754-GKF-PJC ) |
| STANLEY GLANZ, Sheriff; TIM HARRIS, Tulsa County District Att'y; NURSE SUMMERS; DR. WASHBOURN; MRS. MINDY, Chronic Care Nurse; C.O. BROWN; C.O. HUTCHING, | ) ) ) ) ) |
|           Defendants. | ) ) |

## OPINION AND ORDER

This is a 42 U.S.C. § 1983 civil rights action. The record reflects that by Order filed May 10, 2011 (Dkt. # 13), the Court dismissed Defendant Tim Harris from this action and directed service of the second amended complaint (Dkt. # 10) by the United States Marshal. On August 29, 2011, Defendant Glanz filed a Special Report (Dkt. # 21) and a motion to dismiss (Dkt. # 23). Plaintiff has not filed a response to the dispositive motion and his deadline has passed. In addition, on October 6, 2011, Defendant Dr. Washbourn filed a motion to dismiss (Dkt. # 28). Plaintiff has failed to file a response to Dr. Washbourn's motion to dismiss and his deadline has passed. Plaintiff has also failed to effect service of process as to the remaining defendants and his deadlines have passed. On December 29, 2011, counsel for Defendant Glanz filed a motion to withdraw (Dkt. # 32). For the reasons discussed below, counsel's motion to withdraw shall be granted, Defendant Glanz's motion to dismiss shall be granted, the unserved defendants shall be dismissed from this action, and Plaintiff shall file a response to Defendant Dr. Washbourn's motion to dismiss within fourteen (14) days.

## *PRELIMINARY CONSIDERATIONS*

### A. Unserved defendants

Unexecuted returns of service were filed for Defendants Mrs. Mindy (Dkt. # 17), and Correctional Officers Brown (Dkt. # 18) and Hutching (Dkt. # 19). By Order filed October 7, 2011 (Dkt. # 30), the Court directed Plaintiff to demonstrate good cause for his failure to serve those Defendants within the time established by the Court. Plaintiff was specifically advised that if he failed to file a response demonstrating good cause by October 21, 2011, those defendants would be dismissed without prejudice. Plaintiff has not filed a response and his deadline has passed. Therefore, Defendants Mrs. Mindy, Brown, and Hutching shall be dismissed without prejudice based on Plaintiff's failure to effect service.

The Court also determined that service of process was insufficient as to Defendant Summers. See Dkt. # 30. Plaintiff was given the opportunity to submit new service forms for Defendant Summers and the Court extended the deadline for service an additional thirty (30) days. Id. The deadline has passed and Plaintiff has not effected service as to Defendant Summers. For that reason, Defendant Summers shall be dismissed without prejudice based on Plaintiff's failure to effect service.

### B. Plaintiff's failure to file a response to Defendant Dr. Washbourn's motion to dismiss

The record reflects that on October 6, 2011, Defendant Dr. Washbourn filed a motion to dismiss (Dkt. # 28). To date, Plaintiff has not filed a response to the dispositive motion and the response deadline has passed. The Court's Local Rules provide that if a party fails to file a response to a dispositive motion, the Court may, in its discretion, provide the party an additional fourteen (14) days to respond, after which the case will be dismissed or the motion will be deemed confessed, as

appropriate. See LCvR7.2(f). Pursuant to LCvR7.2(f), Plaintiff shall file a response to Defendant Dr. Washbourn's motion to dismiss within fourteen (14) days of the entry of this Order. Should Plaintiff file a response, Defendant may file a reply within fourteen (14) days of the filing of the response. Should Plaintiff fail to file a response, Defendant's motion may be deemed confessed and the relief requested may be entered.

**C. Counsel's motion to withdraw**

In her motion to withdraw (Dkt. # 32), attorney Andrea M. Wyrick explains that she is leaving employment with the Tulsa County District Attorney's Office. She further states that the District Attorney's Office will continue to represent Defendant Glanz. See Dkt. # 32. The Court notes that Assistant District Attorney Matney Ellis has entered his appearance on behalf of Defendant Glanz. See Dkt. # 31. Because Defendant Glanz continues to have representation, the Court finds the motion to withdraw shall be granted.

*ANALYSIS*

**A. Background**

In his second amended complaint (Dkt. # 10), Plaintiff complains that he has not received corrective back surgery and "correct" blood pressure medications during his incarceration at the Tulsa County Jail. Plaintiff claims that he needs surgery to repair his tens unit[1] and that he needs "correct blood pressure meds." See id. Plaintiff identifies three separate claims based on his allegations that he has been denied adequate medical care. Id. Plaintiff seeks compensatory and

---

[1]Tens is an acronym for "transcutaneous electrical nerve stimulator." (Information obtained at www.webmd.com). A tens unit is used to treat back pain and works by passing an electric current from a small battery-operated box via electrodes taped to the skin near the source of the pain. Id.

punitive damages, and an injunction "to require the defendants to make medical access in a timely and constitutional manner." Id.

**B. Dismissal standards**

Under 28 U.S.C. § 1915(e), the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See § 1915(e)(2)(B). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim. Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A *pro se* plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see

also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

## C. Allegations against Defendant Glanz fail to state a claim

### 1. Individual capacity

In response to the second amended complaint, Defendant Glanz filed a motion to dismiss (Dkt. # 23). Defendant Glanz claims that Plaintiff has failed to allege that he personally participated in, had knowledge of, or acquiesced in any of the alleged wrongdoings, and that, as a result, Plaintiff has failed to state a claim against him in his individual capacity.

Personal participation is an essential element of a § 1983 claim. Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976); see also Garrett v. Stratman, 254 F.3d 946, 950 n.4 (10th Cir. 2001) (noting that medical official must have "played a role in the challenged conduct" to be liable for an Eighth Amendment violation). As a result, government officials have no vicarious liability in a section § 1983 suit for the misconduct of their subordinates because "there is no concept of strict supervisor liability under section 1983." Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996) (quotation omitted). Instead, a supervisor is liable only if he is "personally involved in the constitutional violation and a sufficient causal connection . . . exist[s] between the supervisor and the constitutional violation." Serna v. Colo. Dep't of Corr., 455 F.3d 1146, 1151 (10th Cir. 2006) (quotation omitted); see also Meade, 841 F.2d at 1527 (stating that to establish a § 1983 claim

5

against a supervisor, the plaintiff must show that an "affirmative link exists between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise" (quotations and alterations omitted)).

The Court finds that the second amended complaint fails to state a claim as to Defendant Glanz in his individual capacity. In ordering Plaintiff to file an amended complaint to cure deficiencies, the Court specifically admonished Plaintiff that his claims against Defendant Glanz were "overbroad and conclusory" and subject to dismissal. The Court advised Plaintiff that a "defendant may not be held liable based on the theory of respondeat superior." See Dkt. # 3 at 5-6. The Court further advised Plaintiff that simply alleging that Defendant Glanz should be liable because he "run[s] the operations" is inadequate to state a claim and that he would be required to set forth "factual allegations suggesting personal participation or an affirmative link to the constitutional deprivation at issue." Id. at 6. In the second amended complaint, Plaintiff's only complaint against Defendant Glanz is that "he could have let me go so I'd get my surgery." See Dkt. # 10. As noted in the Special Report (Dkt. # 21), Defendant Glanz has no authority to order the release of a detainee. None of the events described by Plaintiff involves Defendant Glanz. Plaintiff clearly seeks to hold Defendant Glanz liable because he holds a supervisory position as Sheriff of Tulsa County. However, as explained above, there is no strict supervisor liability under section 1983. Defendant Glanz is cannot be liable simply because he oversees or supervises the jail.

The second amended complaint is void of allegations that Defendant Glanz personally participated in or acquiesced to any of the medical care provided to Plaintiff. Therefore, upon consideration of the second amended complaint in its entirety and accepting all factual allegations contained therein as true, the Court finds the second amended complaint fails to state a claim against

Defendant Glanz in his individual capacity. In light of the admonishments given by the Court prior to Plaintiff's filing of his second amended complaint, the Court finds that dismissal is appropriate because to allow further amendment as to Defendant Glanz would be futile.

**2. Official capacity**

To the extent Plaintiff sues Defendant Glanz in his official capacity as Sheriff of Tulsa County, the complaint fails to state a claim upon which relief may be granted. Claims against a government officer in his official capacity are actually claims against the government entity for which the officer works. Kentucky v. Graham, 473 U.S. 159, 167 (1985). Thus, any claim against Defendant Glanz in his official capacity is tantamount to an action against Tulsa County itself. See Lopez v. LeMaster, 172 F.3d 756, 762 (10th Cir. 1999). Under § 1983, a municipality may not be held liable on a theory of respondeat superior. Seamons v. Snow, 206 F.3d 1021, 1029 (10th Cir. 2000) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)). Instead, the plaintiff must show "that the unconstitutional actions of an employee were representative of an official policy or custom of the municipal institution, or were carried out by an official with final policy making authority with respect to the challenged action." Camfield v. City of Oklahoma City, 248 F.3d 1214, 1229 (10th Cir. 2001) (internal quotation marks omitted). To establish municipal liability, a plaintiff must show: 1) the existence of a municipal policy or custom and 2) a direct causal link between the policy or custom and the injury alleged. City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989).

Defendant Glanz, in his official capacity, cannot be liable through vicarious liability. See Monell, 436 U.S. at 691. As part of his Special Report, Defendant Glanz provides a copy of the contract with Correctional Health Management of Oklahoma, Inc. ("CHMO"). See Dkt. # 21-2, Ex.

B.[2]  Defendant Glanz alleges that it "is the policy in place for handling the medical needs of prisoners." See Dkt. # 23. Plaintiff did not file a response to the motion to dismiss, and he does not dispute the authenticity of the contract.

In his second amended complaint, Plaintiff alleges that he has been denied "correct medical care" as a result of "the practices and procedures" in place at the jail.  He claims that the administration stopped the "correct" treatment for his back pain because of the cost associated with surgery.[3] He does not allege that a particular policy of the jail prevented him from receiving the "proper medications."  Upon review of the second amended complaint, the Court finds it contains no allegation suggesting a direct causal link between the policy for providing medical care at the Tulsa County Jail and Plaintiff's alleged injury.  City of Canton v. Harris, 489 U.S. at 385; Olsen v. Layton Hills Mall, 312 F.3d 1304, 1318 (10th Cir. 2002); Palmer v. Board of Com'rs for Payne Cnty. Oklahoma, 765 F.Supp.2d 1289, 1302 (W.D. Okla. 2011). Stated another way, even if Plaintiff could demonstrate that the medical care provided to him at the Tulsa County Jail failed to satisfy constitutional standards, see Estelle v. Gamble, 429 U.S. 97, 104 (1976) (requiring demonstration of deliberate indifference to a serious medical need),[4] he has not alleged that the policy for providing

---

[2]In considering a motion to dismiss, the Court may consider a contract, central to the plaintiff's claim, which has been referenced in but not included with the complaint. See Utah Gospel Mission v. Salt Lake City Corp., 425 F.3d 1249, 1253-54 (10th Cir. 2005).

[3]Under Oklahoma law, a county is not liable for the cost of medical care associated with treatment of a condition that preexists a prisoner's arrest. See Okla. Stat. tit. 19, § 746(A).  The law also provides that a pretrial detainee shall be provided with the opportunity to receive necessary medical care for a preexisting condition, but the inmate, not the county, shall be liable for the cost of such medical care. § 746(B). See also Dkt. # 21, Ex. C.

[4]The Court notes that on a handwritten page of the second amended complaint (Dkt. # 10), Plaintiff sets forth factual allegations supporting his claims that he received constitutionally inadequate medical care while in custody at the Tulsa County Jail.  Those allegations encompass a six week period and reflect that Plaintiff received medical care for his conditions, but that he

8

medical care was the driving force behind the constitutional violation. Nothing in the second amended complaint suggests that Plaintiff's medical condition was not preexisting at the time of his arrest. Nor does he allege that he was not provided an opportunity to obtain surgery for his preexisting condition at his own cost. Plaintiff fails to allege facts supporting a direct causal link between the medical policy and any injury resulting from application of the medical policy. A complaint does not "suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (internal alterations, citations, and quotations omitted).

Upon consideration of the second amended complaint in its entirety and accepting all factual allegations contained therein as true, the Court finds the second amended complaint fails to state a claim against Defendant Glanz in his official capacity.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The motion to withdraw (Dkt. # 32) is **granted**. Attorney Andrea M. Wyrick is allowed to withdraw as counsel of record.

2. Defendant Glanz's motion to dismiss (Dkt. # 23) is **granted**.

3. Defendants Summers, Mrs. Mindy, Brown, and Hutching are **dismissed without prejudice** based on Plaintiff's failure to effect service of process.

4. Within fourteen (14) days of the entry of this Order, or on or before **January 20, 2012**, Plaintiff shall file a response to the motion to dismiss filed by Defendant Dr. Washbourn.

5. Defendant Dr. Washbourn may file a reply within fourteen (14) days of the filing of a response.

---

disagreed with the care provided.

6. Should Plaintiff fail to file a response to Defendant Dr. Washbourn's motion to dismiss, the Court will be authorized to grant the relief requested therein.

DATED THIS 6th day of January, 2012.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma