**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **LARRY JAMES CARTER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 10-CV-754-GKF-PJC |
| ) | |
| **STANLEY GLANZ, Sheriff;** ) | |
| **TIM HARRIS, Tulsa County District Att'y;** ) | |
| **NURSE SUMMERS; DR. WASHBOURN;** ) | |
| **MRS. MINDY, Chronic Care Nurse;** ) | |
| **C.O. BROWN; C.O. HUTCHING,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

This is a 42 U.S.C. § 1983 civil rights action. The record reflects that by Order filed May 10, 2011 (Dkt. # 13), the Court dismissed Defendant Tim Harris and directed service of the second amended complaint (Dkt. # 10) by the United States Marshal. On August 29, 2011, Defendant Glanz filed a Special Report (Dkt. # 21) and a motion to dismiss (Dkt. # 23). Plaintiff did not file a response to Defendant Glanz's motion to dismiss. On October 6, 2011, Defendant Dr. Washbourn filed a motion to dismiss (Dkt. # 28). Plaintiff failed to effect service of process as to the remaining defendants prior to the deadline, and he failed to demonstrate good cause for his failure to effect service. By Opinion and Order filed January 6, 2012 (Dkt. # 33), the Court dismissed the unserved defendants and granted Defendant Glanz's motion to dismiss. The Court also directed Plaintiff to file a response to Defendant Dr. Washbourn's motion to dismiss on or before January 20, 2012. Plaintiff was specifically admonished that if he failed to file a response to Defendant Dr. Washbourn's motion to dismiss, the Court would be authorized to grant the relief requested therein. The deadline has passed and Plaintiff has not filed a response to the motion to dismiss.

Pursuant to LCvR7.1(f), the Court finds that the motion to dismiss filed by Defendant Dr. Washbourn should be deemed confessed as a result of Plaintiff's failure to respond. In addition, as discussed below, the Court also finds that the arguments presented in Defendant's motion to dismiss are well taken. Therefore, in the absence of a response from Plaintiff, the Court shall grant the motion to dismiss filed by Defendant Dr. Washbourn. This matter shall be terminated and judgment entered for Defendants.

In the alternative, the Court will address the motion to dismiss on its merits. To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558.

A *pro se* plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss

does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

As explained in the Court's prior Order, see Dkt. # 33, the focus of Plaintiff's second amended complaint is the adequacy of the medical care provided to him at the Tulsa County Jail. It is unclear whether Plaintiff had been convicted or whether he was a pretrial detainee at the time of the incidents giving rise to these claims. While the conditions under which a convicted prisoner is held are subject to scrutiny under the Eighth Amendment, the conditions under which a state pretrial detainee is confined are scrutinized under the Due Process Clause of the Fourteenth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979). Even though the due process clause governs a pretrial detainee's claim of unconstitutional conditions of confinement, the Eighth Amendment standard nonetheless provides the benchmark for such claims. Craig v. Eberly, 164 F.3d 490, 495 (10th Cir. 1998) (citation omitted). "The Eighth Amendment requires jail officials to provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." Id. (quotation omitted).

In order for a prisoner to prevail under 42 U.S.C. § 1983 on a claim of medical mistreatment, the inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976); Green v. Branson, 108 F.3d 1296, 1303 (10th Cir. 1997). The deliberate indifference standard has two components:

3

> an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that the offending officials act with a sufficiently culpable state of mind. With regard to the subjective component, allegations of inadvertent failure to provide adequate medical care or of a negligent diagnosis simply fail to establish the requisite culpable state of mind.

Miller v. Glanz, 948 F.2d 1562, 1569 (10th Cir. 1991) (citations and quotations omitted). Claims of medical negligence in a diagnosis or choice of therapy are not actionable under § 1983. See Green, 108 F.3d at 1303. Stated another way, "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 811 (10th Cir. 1999); see also Estelle, 429 U.S. at 106; Self v. Crum, 439 F.3d 1227 (10th Cir. 2006). "[A] prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." Oxendine v. Kaplan, 241 F.3d 1272, 1277 n.7 (10th Cir. 2001) (internal citations and quotation marks omitted).

In this case, Plaintiff complains that he was not provided surgery to repair his "Dorsal Column Spinal Cord Stimulator implant"[1] and that he was not given "correct blood pressure meds." See Dkt. # 10. However, he has failed to allege facts sufficient to satisfy the subjective component of the deliberate indifference standard. Plaintiff has presented no facts suggesting that Dr. Washbourn acted with deliberate indifference in providing medical care. Because none of the conduct alleged in the second amended complaint rises to the level of deliberate indifference, Plaintiff's claim of inadequate medical care does not rise to the level of a constitutional violation. Upon consideration of the second amended complaint in its entirety and accepting all factual

---

[1] Plaintiff also refers to "the Tin's [sic] Unit" in his back. See Dkt. # 10. "TENS" is an acronym for "transcutaneous electrical nerve stimulator." (Information obtained at www.webmd.com). A tens unit is used to treat back pain and generally works by passing an electric current from a small battery-operated box via electrodes taped to the skin near the source of the pain. Id.

allegations contained therein as true, the Court finds the second amended complaint fails to state a claim against Defendant Dr. Washbourn.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Defendant Dr. Washbourn's motion to dismiss (Dkt. # 28) is **granted**.
2. This is a final Order terminating this action.
3. A separate Judgment in favor of Defendants shall be entered.

DATED THIS 25th day of January, 2012.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma